**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 04-cv-1562-RECB-CBS

FRANCIS T. DEUTSCH,

    Plaintiff,

v.

H. A. RIOS, Warden, FPC Florence,
MARCUS MARTIN, Assoc. Warden, Programs, FPC Florence,
SUSAN BARNETT, Chaplain, FPC Florence,
MICHAEL COOPER, Chaplain,  FPC Florence,
E.J. Gallegos, Warden, USP Leavenworth,
C. HOLINKA, Warden, FCI Waseca,
HARLEY LAPIN, National Director, BPO, and
G.L. HERSHBERGER, North Central Regional Director, BOP,

    Defendants.

## ORDER CONCERNING DEFENDANTS' MOTIONS TO DISMISS

**Blackburn, J.**

This matter is before me on the following motions: 1) defendants, Lappin and Hershberger's, **Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(2)** [#63], filed March 9, 2005; 2) the defendants' **Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)** [#62], filed March 9, 2005; 3) the defendants' **Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)** [#61], filed March 9, 2005; and 4) plaintiff's motions to disqualify U.S. Attorney [#73] and [#74], filed April 14, 2005.  The motion to disqualify apparently has two docket numbers because the plaintiff filed a document captioned as a "re-filing of motion to disqualify" when he filed his motion to disqualify.  The motions

1

to dismiss address the plaintiff, Francis T. Deutsch's, amended complaint [#23], filed November 15, 2004 (*Complaint*). The defendants seek dismissal of various defendants and claims under three subsections of FED. R. CIV. P. 12(b). I discuss the relevant standards of review for each subsection below. For the reasons discussed below, each of the motions to dismiss is granted, the motions to disqualify are denied, all other pending motions are denied as moot, and this case is dismissed.

The three motions listed above were referred to Magistrate Judge Schlatter under the court's general order of reference [#35], filed December 22, 2004. Recently, this case was reassigned to a new magistrate judge. Given these circumstances, and in order to expedite resolution of these motions, I will withdraw the reference to the magistrate judge of the motions addressed in this order.

## I. JURISDICTION

I have federal question jurisdiction over this case under 28 U.S.C. § 1331.

## II. FACTS

The events relevant to Deutsch's Complaint occurred when Deutsch was an inmate incarcerated at the Federal Prison Camp at Florence, Colorado (FPC Florence). On January 12, 2006, Deutsch was transferred to a halfway house in Marion, Illinois. *Response to order to show cause* [#114], filed February 6, 2006. The Complaint has a two page cover sheet, followed by seven pages paginated as pages two through eight. These pages are followed by an "Attachment to Prisoner Complaint," paginated as pages one through fifteen. The Complaint includes numerous un-paginated additional attachments. I will refer to the Complaint and the Attachment to Prisoner Complaint by the page numbers shown in those documents.

Deutsch alleges that he was "excluded from Bible Study at the Camp Chapel, the only place designated for religious study at the camp, because, the Camp Chaplains (defendants Barnett and Cooper) said, "You didn't pray right." *Complaint*, p. 3. Prior to his exclusion, Deutsch says he met regularly in the Camp Chapel to study with other inmates during times and in space that was "open to all" according to Bureau of Prisons (BOP) policy. *Attachment to Prisoner Complaint*, p. 1. Deutch says that on July 27, 2003, Chaplains Barnett and Cooper made it clear to Deutsch "that they did not want me to associate or speak to 'young Christians.' They made it clear that if I did not embrace their Baptist traditional line of teaching that I was not welcome in the Chapel." *Id*. Deutch says other inmates were and are allowed to lead religious studies. *Id*. p. 4.

Deutsch alleges that these actions and others taken by the defendants violate his First Amendment right to freedom of religion, his rights under the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb to 2000bb-4, his right to equal protection of the law, and his right to due process of law. He seeks relief against the defendants in their individual capacities. **See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971). Because Deutsch proceeds prose, I will construe his Complaint and other filings liberally. **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Collins v. Cundy**, 603 F.2d 825, 827 (10th Cir. 1979).

Deutsch has named eight individuals as defendants. Chaplains Susan Barnett and Michael Cooper are named because they allegedly acted to exclude Deutsch from Bible study and other religious activities. Warden Gallegos, Warden Rios, Marcus Martin, and C. Holinka are named because they allegedly were aware of the violation of

3

Deutsch's rights and failed to use their supervisory authority to remedy the violation. Warden Gallegos, Harley Lappin, and G. L. Hershberger are named because they denied grievances filed by Deutsch concerning the alleged violation of his rights.

### III.  PERSONAL JURISDICTION - FED. R. CIV. P. 12(b)(2)

Defendants G.L. Hershberger and Harley Lappin seek dismissal of the claims against them under FED. R. CIV. P. 12(b)(2) because this court does not have personal jurisdiction over them.  When this issue is contested, the burden is on the plaintiff to prove that jurisdiction exists.  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).  Nevertheless, at this early stage of the litigation, that burden is light, and when the motion to dismiss is decided on the papers, the plaintiff need make only a *prima facie* showing that jurisdiction exists.  *Id*.  The non-conclusory averments of the complaint must be taken as true to the extent they are not contradicted by the defendant's affidavits, and all factual disputes must be resolved in favor of the plaintiff. *Id*.

Defendant Hershberger is the North Central Regional Director of the Federal Bureau of Prisons, with an office in Kansas City, Kansas.  *Complaint*, cover sheet, consecutive page 2.  Defendant Harley Lappin is the National Director of the Federal Bureau of Prisons, with an office in Washington D.C.  *Complaint*, cover sheet, consecutive page 2.  Deutsch alleges that these two defendants denied Deutsch's request for an administrative remedy concerning his treatment at FPC Florence.  He does not allege any other actions by these two defendants.  These defendants argue that denial of Deutsch's request for an administrative remedy is not sufficient to establish this court's personal jurisdiction over them.

4

To establish that the court has personal jurisdiction over a nonresident defendant, the plaintiff must show that jurisdiction is proper under the laws of the forum state, and that the exercise of jurisdiction does not offend the Due Process Clause of the Untied States Constitution.  *See, e.g., Far West Capital, Inc. v Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995).  To fall within this Court's personal jurisdiction, a defendant must come within the reach of the Colorado long-arm statute, §13-1-124, C.R.S., and satisfy the minimum contacts requirements of the Due Process Clause.  *See, e.g., International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Minimum contacts may be established in two ways.  First, general jurisdiction lies when the defendant's contacts with the forum state are so systematic and continuous that the state may exercise personal jurisdiction over the defendant, even if the suit is not related to the defendant's activities in the state.  *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1532-33 (10th Cir. 1996). Second, specific jurisdiction exists when a defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws."  *Id*.; *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Under specific jurisdiction, the suit must be related to the defendant's actions in the forum state.  The nonresident defendant's contacts with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice."  *International Shoe*, 326 U.S. at 316.  These requirements

> are satisfied if "after reviewing the defendant[s'] interactions and connections with the forum state, the court can conclude" that defendants "purposefully availed [themselves] of the protection and benefits of the laws" of Colorado, the forum state.  *United States v. Botefuhr*, 309 F.3d 1263, 1272 (10th Cir.2002) (quotation omitted). "[T]he mere foreseeability of causing injury in another state" is

5

> insufficient to establish the required contacts. ***Trierweiler v. Croxton & Trench Holding Corp.***, 90 F.3d 1523, 1534 (10th Cir.1996) (citing ***Burger King Corp. v. Rudzewicz***, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

***Hill v. Pugh***, 75 Fed. Appx. 715, 719, 2003 WL 22100960, **3 (10th Cir. 2003).

Here there is no indication that defendants Lappin or Hershberger took any action with regard to Deutsch the would amount to the conduct of significant activities in Colorado. Even if it is assumed that Lappin and Hershberger denied Deutsch's grievances, such actions are not a sufficient foundation for this Court to exercise personal jurisdiction. ***See, e.g., Hill v. Pugh***, 75 Fed. Appx. at 719 (supervisory responsibility for prison operations and processing of prison inmate's grievances by Director of the Bureau of Prisons and Regional Director of the Bureau of Prisons "falls far short of the purposeful availment necessary to establish jurisdiction over" these officials.)

Assuming the allegations in the Complaint to be true, this court does not have personal jurisdiction over defendants Lappin or Hershberger. Their motion to dismiss for lack of personal jurisdiction will be granted.

### IV.  SUBJECT MATTER JURISDICTION - FED. R. CIV. P. 12(b)(1)

The defendants argue that any claim for damages against the defendants in their official capacities must be dismissed for lack of subject matter jurisdiction. A constitutional tort action for monetary damages cannot be maintained against the United States or its employees in their official capacities because there is no waiver of sovereign immunity for constitutional violations. ***FDIC v. Meyer***, 510 U.S. 471, 483 - 486 (1994). To the extent Deutsch seeks relief in the nature of injunction or mandamus, this court does have jurisdiction any claims asserted by Deutsch against

the defendants in their official capacities. **Simmat v. U.S. Bureau of Prisons**, 413 F.3d 1225, 1236 (10th Cir. 2005) (federal district courts have jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights when plaintiff seeks relief in the nature of either injunction or mandamus; sovereign immunity does not bar such relief).

In this case, this discussion is academic.  Deutsch states in his response to the motions to dismiss that he is "seeking relief from the named Defendants in their individual capacities, and not their official capacities," and he "is not seeking damages against the government, but rather is seeking damages against individual prison officials . . . ."  *Plaintiff's response* [#66], filed March 23, 2005, pp. 2, 12.  Given these statements, I will grant the defendants' motion to dismiss any claims against them in their official capacities because the plaintiff clearly has disavowed any intention to assert such claims.

### V.  FAILURE TO STATE A CLAIM - FED. R. CIV. P. 12(b)(6)

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations set forth in the complaint, if true, are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert.**

7

*denied*, 538 U.S. 999 (2003).  Thus, Rule 12(b)(6) requires dismissal if, taking all well-pleaded facts as true and construing them in the light most favorable to plaintiff, it is clear that he can prove no set of facts entitling him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Rocky Mountain Helicopters, Inc., v. Bell Helicopter Textron, Inc.*, 24 F.3d 125, 128 (10th Cir. 1994).

The defendants argue that Deutsch's Complaint must be dismissed for failure to state a claim on which relief can be granted because Deutsch has not demonstrated that he has exhausted the available administrative remedies for all claims raised against all of the defendants.  The prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the PLRA's exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).  It is designed to achieve this purpose by 1) allowing prison officials an opportunity to remedy the inmate's complaint, potentially obviating the need for litigation; 2) filtering out some frivolous claims; and 3) creating an administrative record that facilitates review of cases that are ultimately brought to court. *Id*. at 525.

Exhaustion of administrative remedies under § 1997e(a) is mandatory, and a complaint asserting constitutional claims about prison conditions is included in the exhaustion requirement.  *Porter*, 534 U.S. at 524; *Booth v. Churner*, 532 U.S. 731, 741 (2001).  When a lawsuit includes multiple claims, the PLRA requires that all available administrative remedies be exhausted as to each claim before filing suit.

***Ross v. County of Bernalillo***, 365 F.3d 1181, 1190 (10th Cir. 2004).  If a complaint includes "one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice."  ***Id***.

### A.  Specific Pleading of Exhaustion

The defendants argue that Deutsch has not alleged with sufficient specificity the steps he took to exhaust his administrative remedies before filing this lawsuit.  To ensure compliance with § 1997e(a), a prisoner must: 1) plead his claims with a short and plain statement showing that he is entitled to relief, in compliance with Fed.R.Civ.P. 8(a)(2); and 2) attach a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, specifically describe the administrative proceeding and its outcome.  ***Steele v. Federal Bureau of Prisons***, 355 F.3d 1204, 1210 - 1211 (10th Cir. 2003).

Although Deutsch does not describe his pursuit of administrative remedies in any detail, *Attachment to Prisoner Complaint*, pp. 2 - 3, he has attached to his Complaint copies of his requests for administrative relief and various responses.  Although disorganized, these attachments do demonstrate that Deutsch did pursue administrative relief concerning his claim that the chaplains at FPC Florence had violated Deutsch's right to freedom of religion by excluding him from Bible study and other religious practices.  The defendants do not assert that Deutsch failed to pursue this issue through all available levels at which he could seek administrative relief.

In terms of describing his efforts to exhaust administrative remedies, Deutsch has satisfied the pleading standard of ***Steele*** because he has alleged that he

9

exhausted available administrative remedies, and he has attached to his Complaint a copy of the administrative dispositions on which he relies.

## B.  Exhaustion as to All Defendants

The defendants argue also that Deutsch must assert his claim as to each named defendant in his requests for administrative relief.  If he has not done so, the defendants claim, then he must be found not to have exhausted his administrative remedies as to any defendant named in the Complaint but not named in a fully exhausted request for administrative relief.  In some of his grievance filings, Deutsch names specifically the two chaplains who allegedly violated his rights in some of his grievance filings.  It appears that these grievances were exhausted fully.

Deutsch alleges also that Warden Gallegos, Warden Rios, Marcus Martin, and C. Holinka are liable because they allegedly were aware of the violation of Deutsch's rights by the chaplains and they failed to use their supervisory authority to remedy the violation.  A supervisor, such as a prison official, may be liable for a civil rights violation if the supervisor was "in a position of responsibility, knew or should have known of the misconduct, and yet failed to act to prevent future harm."  **McClelland v. Facteau**, 610 F.2d 693, 697 (10th Cir. 1979) (citations omitted).  None of these supervisor defendants is named in any of Deutsch's grievances.  Gallegos, I note, denied one or more of the Grievances filed by Deutsch.

In **Curry v. Scott**, the Sixth Circuit held that a prisoner's claim against a specific defendant is not exhausted if the prisoner has not named that defendant in the grievances filed asserting that claim.  249 F.3d 493, 504 - 505 (6th Cir. 2001).  One of the purposes of the exhaustion requirement is to "alert prison officials to problems."  **Id**.

10

at 505 (quotation and citation omitted). When prisoner is aware of problems with a particular prison official, but fails to name that official in a grievance, he fails reasonably to alert prison officials to the problem with that official via his grievance. *Id*.

In *Brown v. Sikes*, the Eleventh Circuit held that § 1997e(a) requires an inmate to provide as much relevant information as reasonably is possible in the administrative grievance process. 212 F.3d 1205, 1207 - 1208 (11th Cir. 2000). This includes, the court held, an obligation to identify any officials who have violated the prisoner's rights and whose identities reasonably could be ascertained by the prisoner when he filed his grievance. *Id*. at 1208. Relevant witnesses whose identities reasonably could be ascertained also must be identified. *Id*. However, the prisoner is not obligated to identify those whose identities are unknown to him and could not reasonably be ascertained. *Id*.

I find that the standards outlined in *Curry* and *Brown* are applicable here. Deutsch did not identify Gallegos, Rios, Martin, or Holinka in his grievances, and he did not describe their role in the alleged violation of Deutsch's rights in those grievances. By failing to name Gallegos, Rios, Martin, or Holinka in his grievances, Deutsh failed to permit the prison administrative system to deal with Deutsch's claims against those prison officials before those complaints reached federal court. The allegations in the Complaint indicate that when Deutsch filed his grievances Deutsch was aware of the identity of each of these defendants and was aware of the role they allegedly played in the alleged violation of Deutsch's rights. Deutsch has not exhausted his administrative remedies concerning his claims against Gallegos, Rios, Martin, and Holinka based on their alleged failure to use their supervisory authority to remedy known violations of

11

Deutsch's rights. As to these defendants, Deutsch has failed to provide as much relevant information as reasonably was possible in the administrative grievance process. **Brown**, 212 F.3d at 1207 - 1208. Because Deutsch's Complaint includes unexhausted claims against Gallegos, Rios, Martin, and Holinka, I must dismiss this entire action without prejudice. **Ross v. County of Bernalillo**, 365 F.3d at 1190.

## VI. MOTIONS TO DISQUALIFY

In his motions to disqualify, the Deutsch seeks to disqualify the U.S. Attorney General, the United States Attorney, and any government employed attorney from representing the defendants. Deutsch claims the defendants' alleged actions were "outside the scope of the defendants' employment" and thus cannot properly be the subject of representation by government attorneys. *Motion to disqualify*, filed April 14, 2005, p. 2. He notes, however, that he intends to pursue his claims as claims under **Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics**, 403 U.S. 388 (1971). *Id.*

Deutch cannot assert a valid **Bivens** claim against the defendants as private actors. **See, e.g., Smith v. Kitchen**, 156 F.3d 1025, 1028 - 1029 (10th Cir. 1997). Rather, government action is an essential element of a **Bivens** claim. If the defendants acted as government actors, and that is what Deutsch has alleged, they are entitled to representation by the U.S. Attorney's office. There is no basis on which to disqualify the U.S. Attorney from representing the defendants.

12

## VII.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That my general order of reference [#35], filed December 22, 2004, is **WITHDRAWN** as to the motions addressed in this order;

2.  That defendants, Lappin and Hershberger's, **Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(2)** [#63], filed March 9, 2005, is **GRANTED**;

3.  That the defendants' **Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(1)** [#62], filed March 9, 2005, is **GRANTED**;

4.  That the defendants' **Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6)** [#61], filed March 9, 2005, is **GRANTED**;

5.  That the plaintiff's motions to disqualify U.S. Attorney [#73] and [#74], filed April 14, 2005, are **DENIED**;

6.  That the plaintiff's motion for preliminary inunction [#74], filed April 14, 2005, his motion for default judgment [#81], filed May 9, 2005, and his motions for mandamus [#94] and [#107], filed October 13, 2005, and December 20, 2005, are **DENIED** as moot; and

7.  That this case is **DISMISSED**.

Dated March 2, 2006, at Denver, Colorado.

                                      **BY THE COURT:**

                                      s/ Robert E. Blackburn
                                      Robert E. Blackburn
                                      United States District Judge